# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Lois H. Goodman |
| v. | : | Mag. No. 20-5042 (LHG) |
| JEFFREY BACKLUND | : | **CRIMINAL COMPLAINT** |

I, Patrick Golden, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Task Force Officer with the Federal Bureau of Investigation and that this Complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

s/Patrick Golden
Patrick Golden, Task Force Officer
Federal Bureau of Investigation

Attested to me by telephone pursuant to FRCP 4.1(b)(2)(A),
November 23rd 2020, in the District of New Jersey

Honorable Lois H. Goodman
United States Magistrate Judge

Signature of Judicial Officer

## COUNT ONE
(Unlawful Possession of Official Badge, Identification Card, or Other Insignia)

On or about September 6, 2020, in Ocean County, in the District of New Jersey and elsewhere, the defendant,

JEFFREY BACKLUND,

did knowingly possess a badge, identification card, and other insignia, of the design prescribed by the head of a department or agency of the United States for use by any officer and employee thereof, namely, a Federal Bureau of Investigation identification card, or colorable imitation thereof.

In violation of Title 18, United States Code, Section 701.

## COUNT TWO
(Unlawful Possession of Official Badge, Identification Card, or Other Insignia)

On or about September 6, 2020, in Ocean County, in the District of New Jersey and elsewhere, the defendant,

JEFFREY BACKLUND,

did knowingly possess a badge, identification card, and other insignia, of the design prescribed by the head of a department or agency of the United States for use by any officer and employee thereof, that is, a Federal Bureau of Investigation identification card and badge, or colorable imitation thereof.

In violation of Title 18, United States Code, Section 701.

## COUNT THREE
(Unlawful Possession of Official Badge, Identification Card, or Other Insignia)

On or about September 6, 2020, in Ocean County, in the District of New Jersey and elsewhere, the defendant,

JEFFREY BACKLUND,

did knowingly possess a badge, identification card, and other insignia, of the design prescribed by the head of a department or agency of the United States for use by any officer and employee thereof, that is, a Bureau of Alcohol, Tobacco, Firearms, and Explosives identification badge, or colorable imitation thereof.

In violation of Title 18, United States Code, Section 701.

**COUNT FOUR**
(Unlawful Possession of Official Badge, Identification Card, or Other Insignia)

On or about September 6, 2020, in Ocean County, in the District of New Jersey and elsewhere, the defendant,

JEFFREY BACKLUND,

did knowingly possess a badge, identification card, and other insignia, of the design prescribed by the head of a department or agency of the United States for use by any officer and employee thereof, that is, a Drug Enforcement Administration identification badge, or colorable imitation thereof.

In violation of Title 18, United States Code, Section 701.

**COUNT FIVE**
(Unlawful Possession of Official Badge, Identification Card, or Other Insignia)

On or about September 6, 2020, in Ocean County, in the District of New Jersey and elsewhere, the defendant,

JEFFREY BACKLUND,

did knowingly possess a badge, identification card, and other insignia, of the design prescribed by the head of a department or agency of the United States for use by any officer and employee thereof, that is, a United States Marshals Service identification badge, or colorable imitation thereof.

In violation of Title 18, United States Code, Section 701.

## **ATTACHMENT B**

I, Patrick Golden, am a Task Force Officer with the Federal Bureau of Investigation ("FBI") Joint Terrorism Task Force ("JTTF"). My duties include the investigation of violations of federal laws, including federal firearms laws. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The Federal Bureau of Investigation ("FBI"), the Drug Enforcement Administration ("DEA"), the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and the United States Marshals Service ("USMS"), are agencies of the United States within the U.S. Department of Justice, and are responsible for, among other things, investigating violations of the criminal laws of the United States.

2. On or about September 6, 2020, law enforcement officers responded to a residence in or around Waretown, New Jersey (the "Waretown Residence") in connection with a report of a domestic dispute. While standing in the driveway of the Waretown Residence, officers heard shouting and breaking glass within the residence. Officers entered the residence and observed BACKLUND standing in the kitchen and shouting and, thereafter, they detained BACKLUND as a safety precaution.

3. While at the Waretown Residence, law enforcement officers spoke to J.B., who also resided at the residence with BACKLUND. J.B. stated that BACKLUND and J.B. had an argument, which culminated in BACKLUND kicking J.B. in the chest. Based on J.B.'s report, officers arrested BACKLUND on suspicion of simple assault. Thereafter, a temporary restraining order was issued by a judge of the Municipal Court of Ocean Township in Ocean County, New Jersey. The temporary restraining order authorized law enforcement to conduct a search of the Waretown Residence for weapons.

4. Pursuant to the search of the Waretown Residence authorized by the temporary restraining order, law enforcement officers recovered from BACKLUND's woodworking shop, located on the southeast side of the house, and elsewhere in the residence, various firearms, as well as a number of law enforcement identification badges, or imitations thereof. Among these items were the following:

      a.      One black bi-fold wallet containing FBI Special Agent identification credentials bearing the photograph and pedigree information of BACKLUND;

      b.      One bi-fold wallet containing FBI Special Agent identification credentials bearing the photograph and pedigree information of BACKLUND, along with a gold FBI badge;

      c.      One USMS badge;

      d.      One ATF Special Agent badge; and

      e.      One DEA Special Agent badge;

      5.      Each of the credentials found in the Waretown Residence as described in paragraph 4, above, appeared to be of the design prescribed by the FBI, USMS, ATF, and DEA for use by their officers and employees in the lawful performance of their duties, or were colorable imitations of such credentials. BACKLUND is not employed, and has never been employed, by any United States agency, including the FBI, DEA, ATF, or USMS. Accordingly, BACKLUND was not authorized to possess the identification cards and badges found in the Waretown Residence.